IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-07-CR-0338-P(4) |
| | § | NO. 3-09-CV-1247-P |
| KIMBERLY WOODFIN | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Kimberly Woodfin, a federal prisoner, has filed a motion to correct, vacate, or set aside her sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is denied.

I.

On November 8, 2007, defendant was charged by indictment with conspiracy to commit bank fraud. She pled guilty to the single count indictment pursuant to a written plea agreement and factual resume. On January 14, 2009, the court sentenced defendant to a term of imprisonment of 24 months, followed by a three year term of supervised release. Defendant did not file a direct appeal. On July 1, 2009, defendant filed this timely motion under 28 U.S.C. § 2255.

II.

In a single ground for relief, defendant contends that she received ineffective assistance of counsel. Defendant claims that her counsel was deficient for failing to object to a two-level enhancement applied pursuant to United States Sentencing Guideline section 3B1.3 for abuse of a position of trust.

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably

1

effective assistance of counsel at all critical stages of a criminal proceeding. *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel, a defendant must satisfy the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.* at 687. Second, the defendant must prove that she was prejudiced by her attorney's substandard performance. *Id.* at 691-92. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989). To establish prejudice with respect to alleged errors at sentencing, a habeas petitioner must show that she was subjected to increased jail time due to the deficient performance of her attorney. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004) (*citing Glover v. United States*, 531 U.S. 198, 203 (2001)).

B.

Section 3B1.3 of the Sentencing Guidelines provides for a two-point enhancement for abuse of a position of trust. That provision applies "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense[.]" USSG § 3B1.3. The Presentence Investigation Report ("PSR") in this case recommended a two-level enhancement under section 3B1.3. According to the PSR:

> The defendant abused her position of public and private trust in her position as the supervisor of ACH dispute accounts at Chase

2

> Bank/Bank One in a manner that significantly facilitated the commission of the offense. Woodfin had limited supervision and possessed access to the customers' accounts, signature cards and personal information. Chase Bank personnel trusted the defendant to perform her duties in a discretionary and confidential manner as she had privileged access to account balances and personal information of customers' identities. She was employed by the bank for 18 years.

PSR ¶ 63. The court adopted the factual findings of the PSR. S*ee* Sentencing Tr. at 5; *see also United States v. Bermea*, 30 F.3d 1539, 1575 (5th Cir. 1994) (noting that a PSR "generally bears sufficient indicia of reliability to be considered by the trial court as evidence in making the factual determinations required by the sentencing guidelines."). Defendant does not challenge the veracity of this factual finding.

The question before the court, then, is whether the enhancement would have been applied despite a timely objection by defense counsel; that is, whether defendant has been subjected to increased jail time due to the deficient performance of her attorney. The Fifth Circuit has repeatedly held that application of § 3B1.3 is proper if "a defendant's job places the defendant in a superior position to commit a crime and the defendant takes advantage of that superior position to facilitate a crime." *United States v. Dahlstrom*, 180 F.3d 677, 685 (5th Cir. 1999) (*citing United States v. Brown*, 7 F.3d 1155, 1161 (5th Cir. 1993)). Indeed, in the case of a bank teller, the Fifth Circuit explained:

> While generally a bank teller engaged in the activity of taking cash from the till and putting it in is not utilizing a position of trust, the same teller certainly may engage in other activities in the course of her job that do involve aspects of trust which may be exploited to facilitate a crime.

*United States v. Smith*, 203 F.3d 884, 893 (5th Cir. 2000) (finding no clear error in application of § 3B1.3 to bank teller who utilized her knowledge of bank security procedures to facilitate bank

robbery); *see also United States v. Roberts*, 75 F. App'x 266, 267-68 (5th Cir. 2003) (unpublished opinion) (finding no clear error in application of § 3B1.3 to data entry clerk who used access granted by her employer to facilitate and conceal her bank fraud); *United States v. Ehrlich*, 902 F.2d 327, 330-31 (5th Cir. 1990) (same as to loan clerk whose position facilitated embezzlement); *United States v. White*, No. 3:09-CV-1790-B, 2010 WL 184015 at *3 (N.D. Tex. Jan. 15, 2010) (denying habeas relief to petitioner who claimed ineffective assistance due to counsel's conduct withdrawing an objection to a § 3B1.3 enhancement).

In her factual resume, defendant admitted that she "knowingly and willfully joined in, participated in and aided the conspiracy by using her ability to access a computer database maintained by the bank that contained information about bank customers, including their account balances." Factual Resume, p. 2. At defendant's sentencing, the court explained:

> Somebody that works in a bank, the most important information you have before you besides the money is customer information. The customers expect that the banks will hold onto this confidential information. You compromised, you stated, somewhere between 50 and 100 accounts, so there is lots of money lost. As [the prosecutor] pointed out, this could not have occurred without somebody from the inside providing this information, and you did it.

Sentencing Tr. at 10-11. Given the evidence before the court and the controlling precedent of the Fifth Circuit, the court reasonably concluded that defendant's job placed her in a superior position to commit bank fraud, and that she took advantage of that superior position to facilitate the crime. Defendant's sentence would not have been different had her attorney objected to the enhancement, so counsel was not ineffective. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

### III.

For the foregoing reasons, the instant motion to correct, vacate, or set aside defendant's

sentence filed pursuant to 28 U.S.C. § 2255 is DENIED.

IV.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1] In the event the petitioner will file a notice of appeal, the court notes that the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 17 day of May, 2010.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

5